## Crouch *v.* Lockett et al.

A mortgage on slaves, recorded in the mortgage office of the place where the debtor had his domicil at the time of the inscription, will be unaffected by his subsequent removal with the slaves to another parish, and the acquisition of a domicil there. No inscription is necessary in the parish of his new domicil.

CROUCH
v.
LOCKETT.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. H. A. *Bullard*, for the plaintiff. *L. Pierce* and *Dunbar*, for different intervenors. *Goold*, for the defendant, *Lockett*. The judgment of the court was pronounced by

ROST, J. The parties to this controversy are mortgage creditors of *John Dodd*, and severally claim to be paid by preference out of the proceeds of a judicial sale of certain slaves of the debtor. *Crouch* obtained a judgment in the parish of Rapides, where *Dodd* had his domicil at the time, and recorded it on the 17th December, 1844. At the subsequent term of the court, *Lockett* obtained a judgment against *Dodd*, which judgment was recorded on the 6th of June, 1845. In the winter of 1845 *Dodd* removed to New Orleans, with the slaves he owned in the parish of Rapides. *Lockett* recorded his judgment in the parish of Orleans after the arrival of *Dodd*. *Cammack* subsequently obtained a judgment against *Dodd*, which he recorded in the parish of Orleans. He also became subrogated to the rights of *Lockett*, and, having caused the slaves to be seized and sold, he became the purchaser. *Cammack* then intervened in the suit of *Crouch* v. *Lockett and the Sheriff*, instituted to recover the proceeds under a previous sale to *Lockett*, which had been annulled, and asserted his right to retain the proceeds, on the ground that the mortgages he held were the only ones recorded in the parish of Orleans where *Dodd* had his domicil at the time of the seizure. The Gas Bank having a judgment recorded before any of the others in the parish of Rapides, also intervened. There was a judgment in favor of *Cammack*, and the other parties appealed.

The legal question which this case presents is, whether a mortgage recorded in the parish where the debtor had his domicil at the time, continues to operate on his slaves after he acquires a domicil in another parish, or whether an inscription is necessary in the parish of the new domicil. It was held not to be, by the late Supreme Court, in the case of *The Commissioners of the New Orleans Improvement and Banking Company* v. *Jewett*, 11 Rob. 20. In the case of *Cumming* v. *Biossalt*, 2 Ann. R. 794, determined in the western district, we had occasion to reconsider that decision, and after mature deliberation we adopted its conclusions. The certainty of the rule it established appeared to us much in its favor, and we were impressed with the belief that, on the adverse hypothesis, questions of change of domicil would give rise to more litigation, inconvenience, and hardship, than can possibly result from its application. Nearly one third of the mortgages held by the property banks to secure the bonds of the State issued in their favor, are on slaves. If those mortgages lost their rank by the change of domicil of the debtors, which it is impossible for the banks to know in time to protect themselves, those securities might be defeated at pleasure.

The inherent difficulty of the subject arises from the application of registry laws originally framed for lands exclusively, to things essentially moveable in their nature, and immovable only by a fiction of law. We believe the interpretation adopted by the former court to be that which the legislature intended.

The judgment must be reversed, and the mortgages classed and satisfied in the order of the dates of their inscription.

It is therefore ordered that the judgment of the court below be reversed, that the defendant, *John L. Lewis*, sheriff, do pay out of the proceeds of the sale of the slaves of *John W. Dodd*, made under the executions in the case of the *New Orleans Gas Light and Banking Company* v. *Dodd*, and *Cammack* v. *Same*, the following sums of money in their order: 1st, to the Gas Light

Company, the sum of three hundred and seventy five dollars, with seven per cent per annum interest thereon, from the 4th of January, 1843, subject to a credit of seventy five dollars, paid the 1st June, 1845, the costs of said judgment appearing to have been paid. 2nd, To *Winder Crouch*, the sum of five hundred and fifty dollars, with ten per cent per annum interest thereon, from the 4th January, 1844, and costs, being the amount of his judgment against *J. W. Dodd*, or that said sheriff pay to said *Crouch* so much as remains in said sheriff's hands after payment of the aforesaid sums of money to the Gas Light Company as first before mentioned. And if any further sum of money should remain from said sale after the satisfaction of said judgments, that it be paid over to the defendant, *R. C. Cammack*, as assignee of *Henry Lockett ;* and it is further ordered that the said defendant, *R. C. Cammack*, pay the costs of this suit in both courts.